**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN TELNET, INC., a<br>corporation, MICHAEL ABRAHAM<br>PARDES, individually and as an<br>officer of American TelNet, Inc.,<br>TED LIEBOWITZ, individually and as<br>an officer of American TelNet,<br>Inc., and MICHAEL SELF,<br>individually and as an officer of<br>American TelNet, Inc.,<br><br>　　　　Defendants. | Case No. 1:99-CV-01587<br><br>KING<br><br>NIGHT BOX<br>FILED<br><br>JUL 0 9 1999<br><br>CARLOS JUENKE<br>CLERK, USDC / SDFL / MIA |
| LINDA PAIS, on her own behalf and<br>on behalf all others similarly<br>situated,<br><br>　　Applicant for Intervention. | |

**COMPLAINT IN INTERVENTION OF**
**INTERVENTION-PLAINTIFF LINDA PAIS ON BEHALF**
**OF HERSELF AND ALL OTHERS SIMILARLY SITUATED**

        Pursuant to Rule 24, Fed.R.Civ.P., Intervention-

Plaintiff, by her counsel, alleges upon information and belief,

as follows:

        1.    Intervention-Plaintiff Linda Pais ("Plaintiff Pais") is

a resident of the State of New Jersey.  On December 1, 1997,

Plaintiff Pais commenced a class action (the "Pais Action") in

the Superior Court of the State of New Jersey, Hudson County,

Docket Number L-10168-97 (commenced by filing the "Pais

Complaint") naming American TelNet, Inc., among others, as a
defendant.  A copy of the Pais Complaint is attached hereto as
Exhibit A.

2.   Among other things, the Pais Complaint alleges that
American TelNet, Inc. has engaged and engages in a variety of
wrongful, deceptive and illegal practices relating to its
activities as a 900 number service bureau.  The Pais Complaint
was brought as a class action on behalf of:

A.   All Bell Atlantic residential and commercial
telephone service customers whose telephones include "blocks"
designed to prevent outbound telephone calls to "900" and other
similar pay-per-call services and who nevertheless incurred
charges for pay-per-call services to "900", "800" and/or other
non-900 numbers;

B.   All Bell Atlantic residential and commercial
telephone service customers whose telephones were billed for
calls to "900" pay-per-call telephone numbers as a result of
calls made to "800" numbers; and

C.   All Bell Atlantic residential and commercial
telephone service customers who were charged for calls made to
900 or other pay-per-call telephone numbers operated by Corporate
John Doe No. 1 (described in greater detail below) and/or
serviced or operated in any way by defendant American TelNet,
Inc., as a result of calls made by persons under the age of 18 to
phone numbers specifically requiring parental permission or
authorization.

3.   During approximately all relevant times during the

2

pendency of the Pais Action in New Jersey, American TelNet has been the subject of a significant investigation by the Federal Trade Commission (FTC) relating to allegations similar to, and in many cases identical to, the claims asserted by Plaintiff Pais in the Pais action.

4.    Notwithstanding document requests and interrogatories propounded by Plaintiff Pais to American TelNet seeking information concerning whether it was subject to any investigations by any regulatory agencies, including by the Federal Trade Commission, and including any investigations involving any claims similar to the claims asserted by Plaintiff Pais, American TelNet deliberately failed to provide accurate responses identifying that it was subject to such an investigation by the Federal Trade Commission.

5.    American TelNet similarly did not disclose the existence of the Pais action to the Federal Trade Commission during the pendency of the present action and the lengthy investigation that preceded it.

6.    On or about June 14, 1999, Plaintiff Pais, by her counsel, learned of a settlement of claims between the Federal Trade Commission and American TelNet in the above-captioned action.

7.    Plaintiff thereafter obtained a copy of the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief Between Plaintiff and Defendants American TelNet, Inc., Michael Abraham Pardes and Ted Liebowitz (hereinafter, the "Settlement").

3

8.   The Pais Action and the present action involve common questions of law and fact.  Among other things, the relief afforded to consumers in the Settlement seeks to extinguish plaintiff's claims and the class action claims asserted in the Pais action.  For example, Sections X and XI of the Settlement forgive all outstanding debts involving calls made by consumers who allege that they previously had a 900 block placed on their phone service to prevent calls to 900 numbers.  This mandatory relief.

9.   Further, according to the FTC, American TelNet belatedly, at the eleventh hour, sought and is including in the Settlement the forgiveness of charges incurred by minors who accessed adult-entertainment 900 numbers, although it was not asked to do so by the FTC, and the FTC agreed to this term.  Thus, American TelNet is seeking to use the FTC settlement to embrace, resolve and solicit releases for the claims asserted by Plaintiff Pais in the Pais action.

10.  The Settlement involves a one-time payment by American TelNet of $2 million for the establishment of a fund to provide restitution to consumers aggrieved by American TelNet's wrongful behavior.  This redress fund will also be used to redress a class of consumers on whose behalf plaintiff had actively litigated for almost two years.  Any unclaimed funds will go to the United States Treasury.  No plan of distribution and no notification procedure has been established.

11.  Because the Settlement may be used by American TelNet to impair the rights of consumers including Plaintiff Pais and

4

the consumers she seeks to represent, Plaintiff Pais sought specific representations from American TelNet confirming that the Settlement would not be used for any such purpose.  A copy of a letter dated July 1, 1999, from Ralph M. Stone, counsel to Linda Pais, to William Jarblum, counsel for American TelNet in the Pais action, is annexed hereto as Exhibit B.

12.  American TelNet has declined to provided any such assurance.  This complaint is timely filed.

13.  The Settlement, which was reached with the FTC while the FTC was unaware of the existence of the Pais action, is not subject to a fairness hearing, after notice in conformity with consumers' Due Process rights, and after a full and fair opportunity to be heard, and therefore the Settlement cannot foreclose or alter prior existing rights of consumers in any way. Neither the FTC nor American TelNet has disclosed the full dollar value of the alleged injuries to be redressed by the restitution fund, and, accordingly, no assessment of the Settlement's fairness can be made.

14.  The Settlement was achieved in secrecy and as part of a deliberate attempt by American TelNet to circumvent and subvert the Pais action.  The Settlement even seeks to embrace claims that were asserted by plaintiff, and as to which the FTC did not seek inclusion (i.e., the claims of consumers who allege that the 900 number calls were made by minors), evidencing the influence of the Pais action and the desire by American TelNet to resolve the claims of the Pais action.

15.  The Settlement was reached in significant part because

of and as a result of plaintiff's efforts in the Pais action, and significant portions of the forgiveness and redress achieved in the Settlement were motivated by the active litigation and pursuit of the Pais litigation.

**WHEREFORE**, Plaintiff Pais respectfully prays for judgment as follows:

A.   A declaration of the rights of all individual consumers who may benefit from the Settlement that their rights shall not be in any way affected or impaired by such Settlement and that notwithstanding the receipt directly or indirectly of any benefit (including any alleged debt forgiveness) pursuant to such Settlement they shall not be in any way foreclosed from asserting common law or any other claims against American TelNet for any wrongful, illegal or deceptive conduct of any kind;

B.   A declaration that American TelNet shall be foreclosed from using the provision of any benefit provided by the Settlement as a basis for dismissal or discontinuance of any such claim by any consumer, including by any consumer who shall assert any such claim on a classwide basis, and a declaration that such claims shall in no way be released pursuant to the FTC action except as between American TelNet and the government;

C.   A declaration that the Pais Action was a substantial factor in the decision by American TelNet to enter into the Settlement;

D.   An award of attorneys' fees and costs to counsel for Plaintiff Pais for the benefit conferred by the Pais action as a result of the substantial efforts undertaken by counsel in

the Pais action;

E.    Alternatively, a declaration that the claims asserted in the Pais Action are substantially similar to the claims asserted in the FTC action, and that plaintiff Pais is a prevailing party, and that plaintiff Pais is entitled to an award of reasonable attorneys' fees and expenses of litigation of such claims, and an award of such fees as against American TelNet;

F.    Such other and further relief as the Court shall deem necessary and proper.

Dated:  July 9, 1999

Respectfully submitted,

**MILBERG WEISS BERSHAD
HYNES & LERACH LLP**

By: _Claire Saxena_

Kenneth J. Vianale
(Member of the Fla. Bar;
Fla. Bar No.: pending)
Jack Reise
(Fla. Bar No. 058149)
Maya Saxena
(Fla. Bar No. 095494)

The Plaza, Suite 900
5355 Town Center Road
Boca Raton, FL  33486
Tel:  (561) 361-5000
Fax:  (561) 367-8400

Of Counsel:

Lee S. Shalov
Ralph M. Stone
Shalov Stone & Bonner
276 Fifth Avenue, Suite 704
New York, New York 10001
Tel:  (212) 686-8004
Fax:  (212) 686-8005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded via First Class Mail to all counsel listed below this 9th day of July, 1999.

Lewis Rose, Esq.
D. Reed Freeman, Esq.
ARENT FOX KINTNER PLOTKIN & KAHN PLLC
1050 Connecticut Avenue, N.W.
Washington, DC  20036

Attorneys for Defendants American TelNet Inc., Michael Abraham Pardes and Ted Liebowitz

Eileen Harrington, Esq.
Allen W. Ilile, Esq
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC  20580

For the Federal Trade Commission

Maya Saxena

Vito Sciancalepore
Law Office of Vito Sciancalepore
189 Kearny Avenue
Kearny, New Jersey 07032
(201) 955-2666

Ralph M. Stone
Shalov Stone & Bonner
70 West 36th Street, Suite 1404
New York, New York 10018
(212) 268-2727

Attorneys for Plaintiff

**FILED**

**DEC 0 1 1997**

SUPERIOR COURT
OF NEW JERSEY
COUNTY OF HUDSON

## SUPERIOR COURT OF NEW JERSEY

## LAW DIVISION

## HUDSON COUNTY

```
-----------------------------------------------X
                                               X
LINDA PAIS, individually and on behalf         X
of all others similarly situated,              X
                                               X
                        Plaintiff,             X    Civil Action No. ___L-10168-97___
                                               X
         -against-                             X
                                               X
AMERICAN TELNET, INC.;                         X
BELL ATLANTIC CORP.; BELL                      X
ATLANTIC NEW JERSEY; and                       X
CORPORATE JOHN DOE NO. 1,                      X
                                               X
                        Defendants.            X
                                               X
-----------------------------------------------X
```

## CLASS ACTION COMPLAINT

Linda Pais, for her class action complaint against defendants, alleges, upon

information and belief (except as to the allegations concerning herself and her counsel, which

are alleged based upon personal knowledge), based upon the investigation of her counsel, as

follows:

## SUMMARY OF CLAIMS

1. This is a class action brought on behalf of three classes of people:

(A)   All Bell Atlantic residential and commercial telephone service

customers whose telephones include "blocks" designed to prevent outbound telephone calls to

"900" and other similar pay-per-call services and who nevertheless incurred charges for pay-per-

call services to "900", "800" and/or other non-900 numbers;

(B)   All Bell Atlantic residential and commercial telephone service

customers whose telephones were billed for calls to "900" pay-per-call telephone numbers as a

result of calls made to "800" numbers; and

(C)   All Bell Atlantic residential and commercial telephone service

customers who were charged for calls made to 900 or other pay-per-call telephone numbers

operated by Corporate John Doe No. 1 (described in greater detail below) and/or serviced or

operated in any way by defendant American TelNet, Inc., as a result of calls made by persons

under the age of 18 to phone numbers specifically requiring parental permission or

authorization.

2.   The class action claims set forth herein arise out of a deceptive scheme and

course of conduct pursued by the defendants and which caused and continues to cause

substantial financial and other injury to plaintiff and all other members of the classes.  By way of

background, in February 1997, plaintiff contacted defendant Bell Atlantic Corp. and/or Bell

Atlantic New Jersey (collectively referred to herein as "Bell Atlantic") to have a "900 block"

- 2 -

placed on her phone, in order to prevent the continued access of her residential phone service to "900" and other "pay-per-call" services. Not unlike thousands, if not hundreds of thousands of other American telephone service subscribers and customers, plaintiff sought to prevent such access so that her minor children would not subject the family's residential telephone service to the unsupervised and frequently expensive use of "pay-per-call" services.

3.   Notwithstanding plaintiff's diligence in this regard, plaintiff's telephone service has again been subject to substantial pay-per-call charges. Amazingly, these charges were initiated through the use of 800 numbers, yet they appear on plaintiff's telephone bill as 900 numbers. When plaintiff received her telephone bill for the August 1997 billing period, dated September 8, 1997, she immediately protested. Such protests required several hours, included excruciatingly long waits on "hold" and were not resolved to plaintiff's satisfaction, as defendants Bell Atlantic and American TelNet each utilize customer service procedures which are designed to (a) cause consumers to accept responsibility for illegal and wrongful charges on their telephone bills, and (b) aggravate consumers so that they are dissuaded from protesting wrongful charges.

4.   Although plaintiff persisted, American TelNet and Bell Atlantic have refused to remove charges amounting to $349.08, which were deceptively and misleadingly posted to plaintiff's telephone bill. Using the tacit threat of telephone disconnection and various other threats, defendants American TelNet and Bell Atlantic have fraudulently, deceptive and unfairly abused their control over plaintiff's telephone.

- 3 -

5.  As described below, the defendants and each of them play integral roles in the scheme, which involves the deceptive use of seemingly toll-free "800" numbers to circumvent the stigma and technical impediments to operating "900" numbers.

6.  Plaintiff seeks declaratory and injunctive relief on her own behalf as well as on behalf of the Classes she seeks to represent, as well as damages.

**PARTIES**

7.  Plaintiff Linda Pais is a resident of the State of New Jersey.  As described herein, plaintiff is a residential telephone service subscriber of Bell Atlantic and has incurred fraudulent, deceptive, wrongful and improper charges on her telephone bill.

8.  Defendant American TelNet, Inc. ("American TelNet") is a corporation with its principal executive offices located at 722 Yorklyn Road, Suite 300, Hockessin, Delaware, and/or 1701 Augustine Cut-Off, Suite 40, Wilmington, Delaware 19808.  American TelNet is a large telephone "service bureau".  A service bureau provides technical functionality for various pay-per-call and other telephone services.  Thus, for instance, in this case, plaintiff is complaining about, among other things, calls to a telephone service called "Live Talk".  All calls to "Live Talk" are apparently routed through American TelNet's facilities, and American TelNet provides billing and collection services for such calls.  The content of "Live Talk", however, is provided by the actual operator of "Live Talk", referred to as an "information provider."

9.  (a) Defendant Bell Atlantic Corp. is one of the world's largest communications and information companies, with 40 million telephone access lines and 5.5 million wireless customers worldwide.  The corporation -- formed through the recent merger of Bell Atlantic Corp. and NYNEX -- purports to be "the premier provider of advanced wireline voice and data

- 4 -

services in the eastern United States and a market leader in wireless services." Bell Atlantic Corp. also is the world's largest provider of directory information and one of the world's largest investors in high-growth global communications markets, with operations and investments in 21 countries. In 1996, the company reported total assets of $53.3 billion, operating revenues of $29.2 billion, and net income of $3.4 billion. Bell Atlantic Corp. maintains its principal executive offices at 1095 Avenue of the Americas, New York, New York 10036.

(b) Bell Atlantic Corp. operates through several subsidiaries, including defendant Bell Atlantic New Jersey ("BANJ"), which provide local residential and commercial telephone service, among other things. Defendant BANJ maintains its principal executive offices at 540 Broad Street, Newark, New Jersey 07101.

10. Defendant Corporate John Doe No. 1 is the provider of the content of a telephone pay-per-call service which goes by the name "Live Talk" and as to which billing services are conducted under the name "Live Talk." Although plaintiff currently does not know the identity and location of this defendant, plaintiff expects to identify and locate this defendant in discovery, at which time this defendant will be identified in a subsequent pleading.

11. Each of the defendants conducts business in this judicial district and has done so continuously at all relevant times.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this lawsuit pursuant to Rule 4:32 of the Rules Governing the Courts of the State of New Jersey on her own behalf and as a class action on behalf of the following three classes of persons:

- 5 -

(A) All Bell Atlantic residential and commercial telephone service customers whose telephones include "blocks" designed to prevent outbound telephone calls to "900" and other similar pay-per-call services and who nevertheless incurred charges for pay-per-call services to "900", "800" and/or other non-900 numbers ("Class A");

(B) All Bell Atlantic residential and commercial telephone service customers who were billed for calls to "900" pay-per-call telephone numbers as a result of calls made to "800" numbers ("Class B"); and

(C) All Bell Atlantic residential and commercial telephone service customers who were charged for calls made to 900 or other pay-per-call telephone numbers operated by Corporate John Doe No. 1 (described in greater detail below) and/or serviced or operated in any way by defendant American TelNet, Inc., as a result of calls made by persons under the age of 18 to phone numbers specifically requiring parental permission or authorization ("Class C").

13.     Excluded from each of the Classes are the defendants herein and any firm, trust, corporation or other entity related to or affiliated with the defendants and their successors in interest.

14.     This suit seeks, inter alia, preliminary and permanent injunctive relief, as well as damages, and expressly does not seek any recovery for personal injuries.

15.     This action is properly maintainable as a class action for the following reasons:

a.     The Classes of consumers for whose benefit this action is brought are each so numerous that joinder of all Class members for each of Class A, Class B and Class C is impracticable. Bell Atlantic has several million residential and commercial telephone service

- 6 -

subscriber customers in the state of New Jersey and throughout the Northeast. Members of each of the Classes are scattered throughout the State and throughout the Northeast region of the United States. In the past six years (the "Class Period") thousands, if not hundreds of thousands, of persons have been victimized in a manner identical to that which victimized plaintiff.

           b.      There are questions of law and fact which are common to members of the Classes and which predominate over any questions affecting only individual members. The common questions include, inter alia, the following:

           (1)      whether defendants have breached their common law and contractual duties owed by them to plaintiff and other members of Class A and Class B by failing and refusing to honor 900 number and pay-per-call blocks;

           (2)      whether defendants have engaged in the deceptive, tortious and/or wrongful conduct alleged herein;

           (3)      whether defendants have breached or aided and abetted the breach of the common law duties owed by them to plaintiff and other members of the Classes; and

           (4)      whether plaintiff and the other members of the Classes are being and will continue to be injured by the wrongful conduct alleged herein and, if so. what is the proper remedy and/or measure of damages.

           c.      The claims of plaintiff are typical of the claims of other members of the Classes and plaintiff has no interests that are adverse or antagonistic to the interests of the Classes.

- 7 -

      d.     Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature. Accordingly, plaintiff is an adequate representative of the Classes and will fairly and adequately protect the interests of the Classes.

      e.     Plaintiff anticipates that there will not be any difficulty in the management of this litigation as a class action.

16.     Defendants have acted and continue to act on grounds generally applicable to the Classes, thereby making it appropriate to render final injunctive, or corresponding declaratory relief, with respect to the Classes.

17.     For the reasons stated herein, a class action is superior to other available methods for the fair and efficient adjudication of this action and the claims asserted herein. Because of the size of the individual class members' claims, and the gross disparity of power between individuals and the large corporate defendants, along with the exceptional threat that telephone companies wield over customers through, among other things, the threat of disconnection of telephone service, few, if any, class members could afford to seek legal redress individually for the wrongs complained of herein. Absent a class action, the class members will continue to suffer damage and defendants' violations of law will proceed without remedy while defendants retain their ill-gotten gains.

## SUBSTANTIVE ALLEGATIONS

18. In or about February 1997, plaintiff contacted Bell Atlantic to request that Bell Atlantic provide a "block" on plaintiff's residential telephone service, in order to prevent

- 8 -

plaintiff's phone service from being utilized to call 900 numbers and other expensive, fraudulent, deceptive and wasteful pay-per-call services.  Plaintiff, whose home includes minor children, had previously been billed for pay-per-call telephone services, and sought to prevent these charges in the future.  Indeed, Bell Atlantic actively encouraged plaintiff to utilize this service.  Bell Atlantic agreed to implement the 900 block on plaintiff's residential telephone service.  Plaintiff regularly receives and pays telephone bills from Bell Atlantic which include various service-oriented charges, some of which relate to the provision of 900 blocks, whether on a subsidized, non-subsidized or cross-subsidized basis.

19.  On or about August 11, 1997 and August 14, 1997, among several other occasions in August, several calls were made to purportedly toll-free 800 numbers from plaintiff's telephone.  While the telephone services accessed through these phone calls were made to toll-free, 800 numbers, they appeared on plaintiff's telephone bill as calls to 900 numbers.  The charges for these telephone calls amounted to $380.49, inclusive of state and federal taxes.

20.  Upon receipt of a telephone bill reflecting these charges, plaintiff immediately contacted Bell Atlantic to dispute these charges, along with some approximately $1,200.00 of other charges to 900 numbers allegedly incurred on plaintiff's telephone service, and for which plaintiff was improperly billed.  Through various and numerous phone calls to Bell Atlantic, as well as to service bureaus providing billing services to various 900 numbers, plaintiff was able to secure the removal (or promises of removal) of most of these fraudulent, deceptive, and wrongful charges.  American Telnet and Bell Atlantic, however, have refused to remove the above-referenced $380.49 of wrongful, deceptive, fraudulent and illegal charges.

- 9 -

21. Indeed, although plaintiff has expended many hours attempting to rectify the improper charges placed on her phone bill, including several calls to customer service phone numbers at Bell Atlantic and American TelNet, all she has received in return is a letter from American TelNet effectively threatening plaintiff with legal action, and fraudulently declaring "you are responsible for charges incurred."

22. In addition to the foregoing, plaintiff has discovered that the telephone calls were made to services which are supposed to be available only to persons over the age 18. These "adult-oriented" telephone services are required to take steps to prevent access by minor children such as plaintiff's children. Apparently, American TelNet, Bell Atlantic and defendant Corporate John Doe, who together operated the adult-oriented "Live Talk" program, failed to employ any methods to prevent such access. Ironically, when plaintiff complained about these charges being improperly posted to her account in connection with telephone services for adults only, she was told to secure a 900 block (which advice is included on the fraudulent telephone bill).

23. Thus, although plaintiff previously secured a 900 number block for her telephone service, precisely to prevent calls to expensive "adult-oriented" programming by minor children in her household, Bell Atlantic, American TelNet, and Corporate John Doe have completely failed to honor the block or to prevent calls by minor children to these adult content and frequently lurid phone services.

24. As a result of the foregoing, plaintiff and the other members of the Class have been damaged by the systematic, uniform and wrongful conduct as follows:

- 10 -

(a) Bell Atlantic and the other defendants have failed to honor 900 number blocks requested by telephone subscribers;

(b) Bell Atlantic has acted to collect wrongful charges that it should not have allowed to be charged because it failed to honor customers' requests to block and prevent these charges;

(c) All defendants have caused improper charges to be placed on plaintiff's telephone bill and the telephone bills of the other members of the Classes;

(d) All defendants have failed to take steps measured to prevent minor children from accessing telephone pay-per-call services which included adult-oriented content not appropriate for such audiences; and

(e) All defendants have repeatedly and systematically violated, among other things, the federal Telephone Disclosure and Dispute resolution Act (TDDRA), and the regulations implemented thereunder (47 C.F.R. § 64.1501 et seq.).

25.  Notwithstanding TDDRA, the provision of 900 number services, billing and collection with respect thereto and provision of 900 number blocking are largely unregulated activities not within the exclusive regulatory ambit of the Federal Communications Commission or Federal Trade Commission, or any related state agencies.

26.  American Telnet has engaged in the sort of fraudulent practices alleged herein in the past.  In 1995, American Telnet agreed to pay a $2.5 million fine to the FTC for violating FTC rules which prohibit charging a consumer for calling an 800 number unless the charge is billed to a credit card of the caller and the consumer has presubscribed with the service provider to be billed for the call.  The FTC charged that American Telnet charged consumers for calls to its 800

- 11 -

numbers in violation of FTC rules.  Likewise in May 1996, American Telnet was subject to investigations in the State of Florida for billing large amounts to elderly people who denied calling American Telnet-operated phone sex lines.

27.  By the acts, transactions and courses of conduct alleged herein, the defendants, individually and as part of a common plan and scheme in breach of their legal duties and obligations, are engaging in conduct which has the purpose and effect of causing plaintiff and the other members of the Classes to incur unfair, deceptive, fraudulent, improper and illegal charges on their telephone bills, all to the detriment of plaintiff and the other members of the Classes.  The defendants have been engaged in the wrongful conduct alleged herein only to further their own interests.

28.  By virtue of the acts and conduct alleged herein, the defendants have carried out a preconceived plan and scheme to place their own interests ahead of the interests of the public and consumers.  As a result of the actions of the defendants, plaintiff and the other members of the Classes have been and will be damaged in that they are being forced to incur wrongful, illegal, deceptive, fraudulent and improper charges on their telephone bills.

29.  As set forth below, plaintiff seeks preliminary and permanent injunctive relief and declaratory relief preventing defendants from inequitably and unlawfully continuing to engage in the fraudulent, deceptive and wrongful conduct alleged herein

30.  Only through the exercise of this Court's equitable powers can plaintiffs be fully protected from the immediate and irreparable injury which the defendants' actions threaten to inflict.

- 12 -

31.  Unless enjoined by the Court, defendants will continue to breach their legal duties owed to plaintiff and the members of the Classes, and/or aid and abet and participate in such breaches of duty, all to the irreparable harm of plaintiff and the other members of the Classes.

32.  Plaintiff and the Class have no adequate remedy at law.

## FIRST CAUSE OF ACTION

### (Declaratory Relief on behalf of Class A against all defendants)

33.  Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

34.  This cause of action is asserted on behalf of plaintiff and Class A against all defendants.

35.  Plaintiff and the members of Class A have all been deprived the benefit of the 900 blocks that they requested, contracted for, demanded and were supposed to receive from defendant Bell Atlantic.  All defendants were required to honor the 900 blocks.

36.  Defendants failed to honor the 900 blocks demanded by, contracted for by and requested by plaintiff and the other members of Class A.  As a result of such failures, plaintiff and the other members of Class A have been improperly charged for calls to various pay-per-call services which operate as 900 numbers, or as variants of 900 numbers, or which are fraudulent in nature because they operate as 900 numbers although they deceptive utilize non-900 prefixes designed to improperly and/or illegally circumvent 900 blocks.

37.  Plaintiff and the members of Class A have no adequate remedy at law.

38.  Accordingly, plaintiff requests on her own behalf as well as on behalf of the Class A a declaration that all such charges meeting the above criteria shall be deemed wrongful.

- 13 -

improper and illegal, that such charges shall not be collected nor collectible as against plaintiff and the other members of Class A, that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class A; and it should be further declared that all such charges previously paid by plaintiff and the other members of the Class A shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

SECOND CAUSE OF ACTION

(Declaratory Relief on behalf of Class B against all defendants)

39.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

40.   This cause of action is asserted on behalf of plaintiff and Class B against all defendants.

41.   Plaintiff and the members of Class B have all been charged for calls to 900 numbers, although they never actually called 900 numbers.

42.   Defendants utilized deceptive means to charge callers for calls to 800 numbers, which consumers normally understand to be free of charge.  As a result of such misconduct, plaintiff and the other members of Class B have been improperly charged for calls to various pay-per-call services which operate as 900 numbers, or as variants of 900 numbers, or which are fraudulent in nature because they operate as 900 numbers although they deceptive utilize non-900 prefixes designed to improperly and./or illegally circumvent 900 blocks.  Moreover, plaintiff and the other members of the Class B may have been fraudulently induced to make such

- 14 -

costly telephone calls on the basis that they were in fact calling 800 numbers which they normally associate with being free of charge.

43.   Plaintiff and the members of Class B have no adequate remedy at law.

44.   Accordingly, plaintiff requests on her own behalf as well as on behalf of the Class B a declaration that all such charges meeting the above criteria shall be deemed wrongful, improper and illegal, that such charges shall not be collected nor collectible as against plaintiff and the other members of Class B, that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class B; and it should be further declared that all such charges previously paid by plaintiff and the other members of the Class B shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

### THIRD CAUSE OF ACTION

(Declaratory Relief on behalf of Class C against all defendants)

45.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

46.   This cause of action is asserted on behalf of plaintiff and Class C against all defendants.

47.   Plaintiff and the members of Class C have all been wrongfully and illegally deprived of the benefit of the requirement that operators of adult-oriented pay-per-call services only be permitted to charge for pay-per-call services initiated by persons over the age of 18.  By failing to ascertain whether callers to these adult-content pay-per-call services were in fact over the age of 18, which the defendants were required to do by law, defendants, among other things,

- 15 -

subjected plaintiff and the other members of Class C to wrongful, improper and illegal charges for such calls, and subjected minor children to pay-per-call services which were adult-oriented and included sexual content.

48.  As a result of such misconduct, plaintiff and the other members of Class C have been improperly charged for calls to various pay-per-call services

49.  Plaintiff and the members of Class C have no adequate remedy at law.

50.  Accordingly, plaintiff requests on her own behalf as well as on behalf of the Class C a declaration that all such charges meeting the above criteria shall be deemed wrongful, improper and illegal, that such charges shall not be collected nor collectible as against plaintiff and the other members of Class C, that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class C; and it should be further declared that all such charges previously paid by plaintiff and the other members of the Class C shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

FOURTH CAUSE OF ACTION

(Injunctive Relief on behalf of Class A against all defendants)

51.  Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

52.  This cause of action is asserted on behalf of plaintiff and Class A against all defendants.

- 16 -

53.   Plaintiff and the members of Class A have all been deprived the benefit of the 900 blocks that they requested, contracted for, demanded and were supposed to receive from defendant Bell Atlantic.  All defendants were required to honor the 900 blocks.

54.   Defendants failed to honor the 900 blocks demanded by, contracted for by and requested by plaintiff and the other members of Class A.  As a results of such failures, plaintiff and the other members of Class A have been improperly charged for calls to various pay-per-call services which operate as 900 numbers, or as variants of 900 numbers, or which are fraudulent in nature because they operate as 900 numbers although they deceptive utilize non-900 prefixes designed to improperly and./or illegally circumvent 900 blocks.

55.   Plaintiff and the members of Class A have no adequate remedy at law.

56.   Accordingly, plaintiff requests on her own behalf as well as on behalf of the Class A an injunction requiring 900 blocks to be honored by all defendants and not to be circumvented through deceptive, illegal, improper or various technical means; an injunction ordering that such charges meeting the above criteria shall not be collected nor collectible as against plaintiff and the other members of Class A, and ordering that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class A; and an injunction ordering that all such charges previously paid by plaintiff and the other members of the Class A shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

## FIFTH CAUSE OF ACTION

(Injunctive Relief on behalf of Class B against all defendants)

57.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

58.   This cause of action is asserted on behalf of plaintiff and Class B against all defendants.

59.   Plaintiff and the members of Class B have all been charged for calls to 900 numbers, although they never actually called 900 numbers.  Plaintiff and the other members of the Class B incurred charges on their telephones which were fraudulently induced by means of deceptive use of 800 numbers which caused callers to believe that their calls would be free of charge.

60.   As a result of such misconduct, plaintiff and the other members of Class B have been improperly charged for calls to various pay-per-call services which operate as 900 numbers, or as variants of 900 numbers, or which are fraudulent in nature because they operate as 900 numbers although they deceptive utilize non-900 prefixes, which, among other things, were designed to improperly and./or illegally circumvent 900 blocks.

61.   Plaintiff and the members of Class B have no adequate remedy at law.

62.   Accordingly, plaintiff requests on her own behalf as well as on behalf of the Class B an injunction ordering that such charges shall not be collected nor collectible as against plaintiff and the other members of Class B, that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class B; and it should be

- 18 -

further ordered that all such charges previously paid by plaintiff and the other members of the Class B shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

SIXTH CAUSE OF ACTION

(Injunctive Relief on behalf of Class C against all defendants)

63.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

64.   This cause of action is asserted on behalf of plaintiff and Class C against all defendants.

65.   Plaintiff and the members of Class C have all been wrongfully and illegally deprived of the benefit of the requirement that operators of adult-oriented pay-per-call services only be permitted to charge for pay-per-call services initiated by persons over the age of 18.  By failing to ascertain whether callers to these adult-content pay-per-call services were in fact over the age of 18, which the defendants were required to do by law, defendants, among other things, subjected plaintiff and the other members of Class C to wrongful, improper and illegal charges for such calls, and subjected minor children to pay-per-call services which were adult-oriented and included sexual content.

66.   As a result of such misconduct, plaintiff and the other members of Class C have been improperly charged for calls to various pay-per-call services.

67.   Plaintiff and the members of Class C have no adequate remedy at law.

68.   Accordingly, plaintiff requests on her own behalf as well as on behalf of the Class C an injunction ordering that all such charges meeting the above criteria shall not be collected nor

- 19 -

collectible as against plaintiff and the other members of Class C, that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class C; and ordering that all such charges previously paid by plaintiff and the other members of the Class C shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

SEVENTH CAUSE OF ACTION

(Fraud against all defendants)

69.    Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

70.    Defendants, and each of them, made deliberate misrepresentations in connection with their solicitation, encouragement and implementation of calls to 800 numbers which operated as 900 pay-per-call services, and did so for the then-present intent of causing plaintiff and the other members of the Class to incur expensive charges for calls which circumvented 900 blocks, and which otherwise violated applicable law, and as to which each of the defendants would hold plaintiff and the other members of the Classes responsible. In particular, Defendants deliberately failed to honor both the letter and the spirit of plaintiff's and the other members of Class A's 900 number blocks. Defendants further failed to honor the letter of the law as to appropriate conduct of 900 number and pay-per-call services, deceived members of Class B into incurring and in many cases paying for charges for 900 pay-per-call services by inducing calls to non-900 numbers as to which callers were unaware that there would be charges (for example, by being advised to call 800 numbers many members of Class B were held responsible for charges by callers induced to call, in whole or in part, on the belief that their calls to 800 numbers would

- 20 -

be free of charge); and, as to Class C, further still failed to properly screen callers to adult-oriented and adult-content pay-per-call services, and improperly and fraudulently charged for calls which were thus improper and/or illegal under the law.

71. As a result of the fraudulent inducements of defendants, and in reliance thereon (directly and indirectly) plaintiff and the other members of the Classes paid to or were or are required to pay moneys to which defendants had and/or have no lawful right.

72. Defendants acted willfully with the intent to defraud plaintiff and the other members of the Class for their own profit.

73. As a result, plaintiff and the other members of the Classes have been defrauded by the acts of Defendants and plaintiff and the other members of the Classes have been damaged thereby.

## EIGHTH CAUSE OF ACTION

### (Negligent Misrepresentation)

74. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

75. Defendants, and each of them, negligently made misrepresentations in connection with their solicitation, encouragement and implementation of calls to 800 or other numbers which operated as 900 pay-per-call services, and did negligently cause plaintiff and the other members of the Class to incur expensive charges for calls which circumvented 900 blocks, and/or which otherwise violated applicable law, and as to which each of the defendants would hold plaintiff and the other members of the Classes responsible. In particular, among other things, defendants deliberately failed to honor both the letter and the spirit of plaintiff's 900

- 21 -

number block. Defendants further failed to honor the letter of the law as to appropriate conduct

of 900 number and pay-per-call services, and further still failed to properly screen callers to

adult-oriented and adult-content pay-per-call services.

76.   As a result of the negligent misrepresentations of defendants, plaintiff and the other

members of the Classes paid to or were or are required to pay moneys to which defendants had

and/or have no lawful right.

77.   As a result, plaintiff and the other members of the Classes have been damaged by

the acts of Defendants.

NINTH CAUSE OF ACTION

(Violation of Consumer Protection Laws/ N.J. Consumer Fraud Act)

78.   Plaintiff repeats and realleges each and every allegation set forth above as if fully

set forth herein.

79.   In violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.,

defendants used and employed unconscionable commercial practices, deception, fraud,

misrepresentations, and the knowing concealment, suppression, and omission of material facts

with the intent that others rely thereon, in connection with the sale, marketing, and advertisement

of telephone and telephonic services.

80.   As a result of the foregoing, plaintiff and the members of the Classes have suffered

damages.

TENTH CAUSE OF ACTION

(Unjust Enrichment)

- 22 -

81.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

82.   As a result of the wrongful conduct of defendants, defendants have been unjustly enriched, and a constructive trust should be imposed on all monies wrongfully obtained by defendants.

83.   Plaintiff and the Classes have no adequate remedy at law.

84.   As a result of the foregoing, plaintiff and the Class have been damaged.

### ELEVENTH CAUSE OF ACTION

(Breach of Contract on behalf of Class A)

85.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

86.   This claim is asserted against Bell Atlantic for breach of contract on behalf of plaintiff and the other members of Class A.

87.   Defendant Bell Atlantic was under a contractual obligation to honor the 900 pay-per-call block associated with plaintiff's and the other members of Class A's residential or commercial telephone service.  Defendant Bell Atlantic breached that contractual duty.

88.   As a result of the foregoing, plaintiff and the other members of Class A have been damaged.

### NOTICE TO ATTORNEY GENERAL

89.   Pursuant to the New Jersey Consumer Fraud Act, plaintiff hereby notifies the Attorney General of the State of New Jersey of the filing of this complaint.

WHEREFORE, plaintiff demands judgment as follows:

- 23 -

(a)  Declaring this to be a proper class action and certifying plaintiff as class representative of each of the Classes;

(b)  Awarding plaintiff and the Classes damages with respect to each of the causes of action stated herein;

(c)  Awarding plaintiff and the other members of the Classes declaratory relief by declaring as follows:

(i) That all such charges incurred by telephone customers giving rise to their membership in Class A shall be deemed wrongful, improper and illegal, that such charges shall not be collected nor collectible as against plaintiff and the other members of Class A, that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class A; and it should be further declared that all such charges previously paid by plaintiff and the other members of the Class A shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

(ii)  That all such charges incurred by telephone customers giving rise to their membership in Class B shall be deemed wrongful, improper and illegal, that such charges shall not be collected nor collectible as against plaintiff and the other members of Class B, that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class B; and it should be further declared that all such charges previously paid by plaintiff and the other members of the Class B shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

(iii)  That all such charges incurred by telephone customers giving rise to their membership in Class C shall be deemed wrongful, improper and illegal, that such charges

- 24 -

shall not be collected nor collectible as against plaintiff and the other members of Class C, that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class C; and it should be further declared that all such charges previously paid by plaintiff and the other members of the Class C shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

(d) Ordering the defendants to carry out their legal duties to plaintiff and the other members of the Classes as follows:

(i) Requiring 900 blocks to be honored by all defendants and not to be circumvented through deceptive, illegal, improper or various technical means; an injunction ordering that such charges meeting the above criteria shall not be collected nor collectible as against plaintiff and the other members of Class A, and ordering that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class A; and an injunction ordering that all such charges previously paid by plaintiff and the other members of the Class A shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

(ii) Ordering that such charges as have been imposed upon members of Class B shall not be collected nor collectible as against plaintiff and the other members of Class B, that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class B; and it should be further ordered that all such charges previously paid by plaintiff and the other members of the Class B shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

- 25 -

(iii) Ordering that all such charges as have been imposed upon the members of Class C meeting the above criteria shall not be collected nor collectible as against plaintiff and the other members of Class C, that such charges shall no longer appear nor be permitted to appear on the telephone bills of plaintiff and the other members of the Class C; and ordering that all such charges previously paid by plaintiff and the other members of the Class C shall be immediately refunded and promptly returned to plaintiff and the other members of the Class.

(e) Ordering that a constructive trust be imposed on all moneys wrongfully obtained by defendants, as set forth herein, for the benefit of plaintiff and the Class;

(f) Awarding plaintiff and the Classes all forms of punitive damages permitted under the law, including but not limited to treble damages;

(g) Awarding plaintiff the costs and disbursements of this action, including a reasonable allowance for plaintiff's attorneys' and experts' fees; and

(h) Granting such other and further relief as may be just and proper.

<u>JURY TRIAL DEMANDED</u>

Plaintiff demands a trial by jury.

Dated: November 24, 1997

LAW OFFICE OF
VITO SCIANCALEPORE

By: _Vito Sciancalepore_
Vito Sciancalepore

189 Kearny Avenue
Kearny, New Jersey 07032
(201) 955-2666

Attorneys for Plaintiff

**Of Counsel:**

Lee S. Shalov
Ralph M. Stone
James P. Bonner
SHALOV STONE & BONNER
70 West 36th Street
Suite 1404
New York, New York 10018
(212) 268-2727
Fax (212) 244-2402

- 27 -

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Also, to the best of my belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, plaintiff knows of no other parties that should be joined in the above action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

_____
Vito Sciancalepore

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Vito Sciancalepore is hereby designated as trial counsel for the Plaintiff in the above matter.

_____
Vito Sciancalepore

- 28 -

# SHALOV STONE & BONNER

ATTORNEYS AT LAW

276 FIFTH AVENUE, SUITE 704
NEW YORK, NEW YORK 10001
(212) 686-8004
FAX (212) 686-8005
WWW.LAWSSB.COM

July 1, 1999

*BY TELECOPIER*

William Jarblum, Esq.
Buchalter, Nemer, Fields & Younger
601 South Figueroa Street
Los Angeles, California  90017-5704

           Re:    *Pais v. American TelNet, Inc.*
                   (N.J. Super., Hudson Cty, No. L-10168-97)

                   *Federal Trade Commission v. American TelNet, Inc.*
                   (S.D. Fla., No. 99 CV 1587)

Dear Bill:

As you know, for almost two years, my firm, as counsel to Linda Pais, has been actively litigating class action claims in New Jersey against your client, American TelNet, on behalf of consumers with claims that are similar, and in many cases identical, to the claims that are being settled by American TelNet with the Federal Trade Commission (FTC) in the United States District Court for the Southern District of Florida.

As you also know, we believe that American TelNet improperly did not disclose the existence of the FTC investigation to plaintiffs in discovery in our case, notwithstanding interrogatories and document requests directed precisely at whether such investigations were occurring. In addition, I understand from the FTC that they were not informed of the New Jersey class action.

We have now reviewed the proposed Stipulated Final Judgment and Order, etc. (the "Settlement") between American TelNet, et al. and the FTC. We are deeply concerned with the purpose, effect and adequacy of the Settlement, and, in particular, with any potential contention by American TelNet that the settlement subverts, eliminates or affects in any way the continuing rights and claims of all persons whom we allege to be victims of illegal and deceptive conduct by American TelNet. We believe any such contention would be improper.

**SHALOV STONE & BONNER**

William Jarblum, Esq.
July 1, 1999
Page 2

Moreover, we are concerned that American TelNet will seek to terminate or undermine the claims of plaintiff and the classes in the New Jersey action without subjecting the relief allegedly to be afforded to consumers to a full hearing on the fairness and adequacy of the proposed settlement, a reasonable exchange of information between private litigants and the FTC, and appropriate consideration to the sufficiency of restitution alleged to be afforded by the Settlement.

Accordingly, we seek your immediate confirmation that the rights of plaintiff and all members of the classes described in the Complaint in the New Jersey action will not in any way be affected by (i) American TelNet's settlement with the FTC, or (ii) the receipt of any relief afforded by American TelNet's settlement with the FTC. In addition, please confirm in writing that American TelNet will not utilize, seek to introduce or rely upon the terms of the FTC settlement before the Court in the New Jersey action.

If we do not receive this confirmation by the close of business Tuesday, July 6, 1999, we currently intend to immediately intervene in the FTC action to object to the FTC settlement, obtain all necessary relief and protect the rights of the consumers we represent.

Sincerely yours,

Ralph M. Stone

Ralph M. Stone

cc:   Allen W. Hile, Esq.
Lewis Rose, Esq.
Steven M. Janove, Esq.
Vito Sciancalepore, Esq.
Kenneth J. Vianale, Esq.