**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br><br>v.<br><br>AMERICAN TELNET, INC., a corporation, MICHAEL ABRAHAM PARDES, individually and as an officer of American TelNet, Inc., TED LIEBOWITZ, individually and as an officer of American TelNet, Inc., and MICHAEL SELF, individually and as an officer of American TelNet, Inc.,<br><br>              Defendants.<br><br>LINDA PAIS, on her own behalf and on behalf all others similarly situated,<br><br>   Applicant for Intervention. | Case No. 1:99-CV-01587<br>KING<br><br>NIGHT BOX<br>FILED<br>JUL 09 1999<br>CARLOS JUENKE<br>CLERK, USDC / SDFL / MIA |

**EMERGENCY MOTION FOR RULE 24 INTERVENTION
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Rule 24(a) and (b), Fed.R.Civ.P., Intervention-Plaintiff Linda Pais ("plaintiff"), by her counsel, respectfully submits this emergency motion for intervention.

Pursuant to Local Rule 7.1(e), plaintiff respectfully requests that the Court grant expedited or emergency consideration of this motion because there is presently pending before the Court a Stipulated Final Judgment in the above-captioned action awaiting Court approval as to which plaintiff asserts the Court is not fully informed and as to which plaintiff



seeks intervention as of right to prevent the final resolution and possible disposition of claims that may impair plaintiff's claims pending elsewhere and may impair or impede the class action claims plaintiff has asserted and litigated for the past two years. Plaintiff respectfully submits that the approval of the Stipulated Final Judgment under such circumstances would deprive her and the classes she seeks to represent of a full and fair opportunity to be heard and to test the sufficiency of the proposed settlement.

### Preliminary Statement

Plaintiff is a New Jersey consumer who filed a class action complaint against American TelNet, Inc. ("American TelNet") in Superior Court of Hudson County, New Jersey, on December 1, 1997. American TelNet is a 900 number service bureau located in this Judicial District. American TelNet is one of the country's largest 900 number service bureaus. American TelNet answered the Pais complaint in the New Jersey action, which is ongoing at this time.

On or about June 11, 1999, the Federal Trade Commission announced that it had reached an agreement to settle claims against American TelNet relating to American TelNet's anti-consumer behavior. A Complaint and Stipulated Final Judgment were filed in this Court on or about that time. The reported approximate value of the settlement is $39 million. The Settlement was reached after an investigation by the FTC.

Notwithstanding plaintiff's active pursuit of discovery from American TelNet, American TelNet never disclosed to

plaintiff that it was subject to an ongoing investigation by the FTC. Indeed, American TelNet's failure to make such disclosure contradicted answers given by American TelNet in response to plaintiff's discovery requests directed precisely at whether any such investigations were occurring.

American TelNet deliberately did not disclose the existence of the FTC investigation to plaintiff in the New Jersey action. Likewise, American TelNet did not disclose to the FTC the existence of the New Jersey action. Thus, the FTC settlement with American TelNet was reached by the FTC without awareness of the fact that any settlement it might reach could materially affect or potentially impair the rights of private litigants.

In addition, the FTC settlement was reached without knowledge of material facts relating to claims being asserted by private litigants against American TelNet, and the proposed FTC settlement with American TelNet will include mandatory relief in the form of debt forgiveness that necessarily entitles plaintiff to participation in the litigation process here.

As described herein and in plaintiff Pais's proposed intervention complaint filed concurrently herewith, the New Jersey action involves claims that clearly overlap with the claims asserted and settled here, as well as certain non-overlapping claims. In addition to disposing of claims that clearly overlap with the claims of plaintiff Pais in the New Jersey action, the FTC settlement also includes and seeks to dispose of claims relating to calls to 900 numbers made by minors. These claims are one of the central focal points of the

3

Pais action in New Jersey. Although the FTC complaint and Stipulated Final Judgment nowhere mention these claims, counsel to the FTC has confirmed to counsel for plaintiff Pais that such claims are also being resolved by the FTC settlement. Thus, the FTC settlement even seeks to dispose of plaintiff Pais's non-overlapping claims, yet the parties to the FTC settlement have wholly failed to disclose to the Court that these claims are included in their settlement. The failure of the FTC and American TelNet to disclose the full scope of their settlement also raises serious questions concerning the settlement, and the adequacy of the FTC to represent the interests of the same classes that plaintiff Pais seeks to represent, and plaintiff is entitled to intervene in this action.

As shown below, as a matter of fundamental fairness and in the best interests of the consumers in the classes identified in plaintiff's class action complaint, plaintiff should be allowed to intervene in the FTC action to protect her classwide claims on behalf of consumers and to protect their rights which may be affected by the FTC Settlement.

### Facts

A.  **Parties**

Plaintiff is a New Jersey resident who filed a class action against American TelNet asserting numerous claims on a class action basis relating to American TelNet's billing practices relating to the provision of 900 numbers for which it acts as service bureau. That class action (the "Pais Action")

was filed on December 1, 1997, and has been actively litigated since that date.

Defendant American TelNet is a Plantation, Florida-based company that acts as a service bureau for 900 number operators. A service bureau provides technical functionality for various pay-per-call and other telephone services. Thus, for instance, in this case, plaintiff is complaining about, among other things, calls to a telephone service called "Live Talk". All calls to "Live Talk" are apparently routed through American TelNet's facilities, and American TelNet provides billing and collection services for such calls. The content of "Live Talk", however, is provided by the actual operator of "Live Talk", referred to as an "information provider."

B.       **The Pais New Jersey Litigation**

On December 1, 1997, plaintiff commenced a class action in the Superior Court of Hudson County, New Jersey, asserting several causes of action on behalf of three classes of consumers. Among other things, plaintiff complained that it was improper for her to be charged for calls made by her minor child to 900 numbers that provided adult-content material that was sexual in nature, that it was improper for her to be charged for calls made to 900 numbers since she had a block placed on her telephone line to prevent such calls, and that she should not be charged for calls made to 800 numbers but charged as 900 numbers. Plaintiff alleged that American TelNet engaged and engages in all of these practices. Among other things, plaintiff sought, for herself and on behalf of classes of all persons similarly situated,

5

injunctive relief preventing such conduct in the future, declaratory relief to the effect that plaintiff and the classes are not required to pay such charges, and money damages to the extent any such payments have been made. American TelNet answered the Pais shortly thereafter.

The Pais litigation has been actively litigated since that time. Although American TelNet did not disclose it in discovery in the Pais Action, throughout the course of the litigation, American TelNet was subject to an investigation by the Federal Trade Commission, involving allegations similar and in many cases identical to the allegations made by plaintiff.

C.  **The FTC Settlement**

On June 11, 1999, it was announced that the FTC and American TelNet had reached a settlement involving a widespread forgiveness of consumers' debts to American TelNet and the creation of a consumer redress fund funded by a payment by American TelNet in the amount of $2 million.

Prior to the public announcement of the settlement, plaintiff was unaware of the existence of the FTC investigation, or any negotiation for the resolution of consumer claims against American TelNet. This is because American TelNet deliberately did not disclose the existence of the investigation in discovery responses.

Likewise, American TelNet did not disclose the existence of the New Jersey class action to the FTC. American TelNet's deliberate failure to disclose the existence of similar claims as between plaintiff and the FTC reflects both its bad

6

faith as a litigant, and a purposeful effort to avoid responsibility in the Pais action through misleading tactics.

Among other things, the FTC settlement with American TelNet (the "FTC Settlement") effectively seeks to dispose of all consumer complaints against American TelNet through a large "debt forgiveness" by American TelNet (apparently estimated by the FTC to be valued at $37 million), and through the creation of a $2 million restitution fund funded by American TelNet. These remedies are being afforded to consumers who complained about, among other things, a LEC failure to block claim, as well as claims that the subject 900 number calls were made by minors. Oddly, although the minor claims are being disposed of in the FTC Settlement, they are nowhere mentioned in or expressly embraced by the FTC Settlement. But it is undisputed that the FTC Settlement will in fact seek to remedy these claims.

## Argument

### Intervention Should Be Granted

Rule 24(a) provides for intervention as of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action nay as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Rule 24(b) provides for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."

7

### **Plaintiff is Entitled To Intervene As Of Right**

Plaintiff is entitled to intervene in this action as of right. Intervention as of right is appropriate whenever a timely applicant possesses an interest in the subject matter of the underlying suit, and demonstrates that the interest may as a practical matter be affected by the litigation and when the adequacy of the representation of that interest by existing parties may be inadequate. *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1477 (11th Cir. 1993) (reversing denial of intervention as of right); *see also Theriot v. Parish of Jefferson*, 1995 WL 731680 at *1 (E.D. La. 1995) (permitting intervention).

Here, plaintiff Pais is seeking intervention approximately one month after the case was commenced and less than one month after learning of the Settlement. Moreover, the delay associated with intervening was primarily associated with plaintiff's efforts at discovering the terms of the Settlement and seeking clarification of it.

Plaintiff Pais also possesses a substantial interest in the subject matter of the present action. Plaintiff contends that the FTC action and its settlement revolve around claims that are common and in many cases identical to the claims of plaintiff in the New Jersey action, and the resolution of such claims may or will as a practical matter foreclose and/or materially impact or potentially impair the relief sought by plaintiff in the New Jersey action, particularly as to plaintiff's class action claims. It is well-settled that "parties to a suit may not stipulate away the rights of the intervenor." *Secretary of Labor*

8

*v. Fitzsimmons*, 805 F.2d 682, 695 (7th Cir. 1986). Here, the FTC and American TelNet are seeking to effectively eliminate the class claims asserted in the Pais action in New Jersey and to implement much of the injunctive and declaratory relief that plaintiff has pursued for nearly two years.

Moreover, given the mandatory nature of the debt forgiveness to be undertaken by American TelNet, it is clear that the relief to be afforded is relief as to which plaintiff and other class members will be directly impacted but as to which they have no say in the absence of intervention. Yet, plaintiff has not been afforded the opportunity to participate in the settlement process, and plaintiff has not been afforded the opportunity to share discovery which might affect the FTC's and the Court's assessment as to the adequacy of the restitution being afforded by American TelNet.

The disposition and possible resolution by forgiveness of claims that the FTC did not even seek to pursue, namely the claims involving calls to adult 900 numbers made by minors, evidences that the FTC not only was an inadequate representative of these claims, which are potentially to be disposed of, but that, unlike plaintiff Pais, the FTC had no interest in such claims. Thus, while the FTC has shown no interest in pursuing certain of plaintiff's claims, it has readily agreed to American TelNet's proposed disposition of them on a mandatory "forgiveness" basis.

Thus, given this timely application, plaintiff's demonstrated interest in the subject matter of the action, the

9

significant position of plaintiff as a litigant who has pursued similar and overlapping claims for two years, and the inadequacy of the FTC's representation of plaintiff's interests as to various matters, intervention as of right should be afforded to plaintiff here.

### In The Alternative, Permissive Intervention Should Be Allowed

Even if the Court should determine that plaintiff is not allowed to intervene as of right in the present action, the Court should exercise its discretion to allow plaintiff to pursue the relief requested in her intervention complaint and to actively participate in the present action to protect her interests and those of other consumers.

Plaintiff has been actively litigating claims against American TelNet for the better part of two years, has conducted extensive and continuing discovery and has vigorously sought to protect and advance the rights of the classes identified in her New Jersey complaint. Under the circumstances, the foreclosure of the rights of action that plaintiff has been litigating is manifestly unfair to her and to the class.

Moreover, the relief obtained for consumers by the FTC settlement is substantially similar to the relief that plaintiff sought, but not necessarily identical. Indeed, here, plaintiff will show that a significant portion of the relief was provided by American TelNet specifically to avoid the class action claims asserted by plaintiff in the New Jersey class action and to subvert or impair those claims.

10

Under these circumstances, then, plaintiff should be permitted to intervene in this action in order to allow plaintiff the opportunity to participate in the settlement process, to reopen the settlement, and to facilitate a result that fully and expressly embraces the relief she seeks.

A material portion of the relief obtained by the FTC settlement was also the product of continued litigation pressure applied by plaintiff in her case. Accordingly, plaintiff also seeks an award from the restitution fund to be created pursuant to the FTC settlement of her attorneys' fees and costs, pursuant to the common benefit doctrine, which independently gives plaintiff a financial interest in the present action, or alternatively directly from American TelNet pursuant to the same doctrine.

### Conclusion

For all of the foregoing reasons, plaintiff respectfully submits that the emergency motion to intervene should be granted.

Dated: July 9, 1999

Respectfully submitted,

**MILBERG WEISS BERSHAD HYNES & LERACH LLP**

By: *Maya Saxena*
Kenneth J. Vianale
(Member of the Fla. Bar;
Fla. Bar No.: pending)
Jack Reise
(Fla. Bar No. 058149)
Maya Saxena
(Fla. Bar No. 095494)

The Plaza, Suite 900
5355 Town Center Road
Boca Raton, FL  33486
Tel:   (561) 361-5000
Fax:   (561) 367-8400

Of Counsel:

Lee S. Shalov
Ralph M. Stone
Shalov Stone & Bonner
276 Fifth Avenue, Suite 704
New York, New York 10001
Tel:   (212) 686-8004
Fax:   (212) 686-8005

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded via First Class Mail to all counsel listed below this 9th day of July, 1999.

> Lewis Rose, Esq.
> D. Reed Freeman, Esq.
> ARENT FOX KINTNER PLOTKIN & KAHN PLLC
> 1050 Connecticut Avenue, N.W.
> Washington, DC  20036
>
> Attorneys for Defendants American TelNet Inc., Michael Abraham Pardes and Ted Liebowitz
>
> Eileen Harrington, Esq.
> Allen W. Ilile, Esq
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, DC  20580
>
> For the Federal Trade Commission

*Maya Saxena* (signature)
Maya Saxena