UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-1587-CIV-KING

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

AMERICAN TELNET, INC., a corporation,
MICHAEL ABRAHAM PARDES, individually
and as an officer of American Telnet, Inc.,
TED LIEBOWITZ, individually and
as an officer of American Telnet, Inc., and
MICHAEL SELF, individually and
as an officer of American Telnet, Inc.,

    Defendants.
_____/



## ORDER DENYING LINDA PAIS'S MOTION TO INTERVENE

THIS CAUSE comes before the Court on the Emergency Motion filed on July 9, 1999 by Linda Pais ("Pais"), seeking to intervene in the above-styled matter pursuant to Rule 24 of the Federal Rules of Civil Procedure. Defendants American TelNet, Inc. ("ATN"), Michael Abraham Pardes ("Pardes"), Ted Liebowitz ("Liebowitz"), and Michael Self ("Self") (collectively, "Defendants") submitted a response on July 28, 1999; Plaintiff Federal Trade Commission ("FTC") did the same on July 30, 1999. On August 4, 1999, Pais filed a reply memorandum in further support of her Motion.

### I. Factual and Procedural Background

In 1994, the FTC charged Defendant ATN with violating Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the FTC's 900-Number Rule, 16 C.F.R. Part 308, promulgated pursuant to the Telephone Disclosure and Dispute Resolution Act of 1992

("TDDRA"). See Pl.'s Opp. Mem., at 3. That same year, the FTC and ATN entered into a consent decree, which enjoined ATN from violating Section 5 and the 900-Number Rule, required detailed record-keeping, imposed $500,000 in civil penalties, and provided $2 million in consumer credits. See id. Despite the consent decree, the FTC continued to receive complaints about ATN, prompting the agency to initiate a second investigation into the company's practices. See id.

On June 8, 1999, the FTC instituted the above-styled action. See Compl. at ¶ 1. The FTC sought to obtain preliminary and permanent injunctive relief, restitution, disgorgement, and other equitable relief for Defendants' alleged deceptive acts and/or practices in continued violation of Section 5(a) of the FTC Act and the FTC's 900-Number Rule. See id. The FTC's Complaint set forth eight counts against Defendants, alleging wrongdoing with respect to ATN's billing and collections procedures for its 900 pay-per-call services.

The FTC and Defendants subsequently filed a stipulated Final Judgment, which this Court entered on June 14, 1999. In addition to detailed conduct prohibitions and other injunctive relief, the Final Judgment requires that Defendant ATN (1) waive its right to collect the $36.4 million it had billed to consumers between December 6, 1994 and December 31, 1997, (2) provide $1 million in credits to consumers who were illegally charged between December 1, 1998 and June 14, 1999, (3) pay $2 million in redress to consumers who paid ATN and who, between December 6, 1994 and June 14, 1999, had submitted a billing error notice to ATN asserting that (a) neither the consumer nor anyone else had accessed ATN's audiotext services from the consumer's telephone, (b) the consumer's telephone had a 900-number block when the disputed calls were made, or (c) the line from which the service was accessed was not assigned to the consumer at the time the charges were incurred.

In her Motion, Pais argues that the Final Judgment entered into by the parties may impair or impede the class action claims brought by her against Defendant ATN in the Superior Court of Hudson County, New Jersey on December 1, 1997.[1] See Mot. To Intervene, at 2. In the New Jersey action, Pais alleges that ATN engaged in a variety of wrongful, deceptive, and illegal practices in relation to its activities as a 900-number service bureau, such as charging her for calls made to (1) 900 numbers providing adult-oriented sexual material, but made by her minor child, (2) 900 numbers, even though she had a block placed on her telephone to prevent such calls, and (3) 800 numbers charged as 900 numbers. See id. at 5. Pais, for herself and on behalf of a class of persons similarly situated, seeks injunctive and declaratory relief, as well as money damages to the extent of payments made to ATN. See id. at 5-6. Pais maintains that the New Jersey action involves claims that both overlap the claims asserted and settled in the FTC action as well as certain non-overlapping claims. See id. at 3. As such, Pais seeks to intervene in the above-styled matter as of right under Rule 24(a), or, alternatively, with the court's permission under Rule 24(b).

## II. Legal Standard

Rule 24(a) provides for intervention as a matter of right only where "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a) (West 1998). In the Eleventh Circuit, a movant must establish the following in order to intervene under Rule 24(a): (1) that his application to intervene

---

[1] Pais v. American TelNet, Inc., et al., No. L-101678-7 (N.J. Super. Ct. Law Div., filed Dec. 1, 1997).

3

is timely; (2) that he has an interest relating to the property or transaction which is the subject of the action; (3) that he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) that his interest is represented inadequately by the existing parties to the suit. See Purcell v. BankAtlantic Fin. Corp., 85 F.3d 1508, 1512 (11th Cir. 1996). If the movant establishes all the prerequisites to intervention, the district court has no discretion to deny the motion. See United States v. State of Ga., 19 F.3d 1388, 1393 (11th Cir.1994).

Rule 24(b) allows for intervention on a permissive basis "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b) (West 1998). The decision whether to allow intervention under Rule 24(b), even where there is a common question of law or fact, is entirely within the court's discretion. See Purcell, 85 F.3d at 1513. In exercising its discretion, federal courts must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. See Meek v. Metropolitan Dade County, Fla., 985 F.2d 1471, 1477 (11th Cir. 1993).

## II. Analysis

### A. Intervention as of Right under Rule 24(a)

Pais maintains that she is entitled to intervene in the above-styled case as a matter of right because she satisfies all the necessary requirements. First, she notes that her application is timely, having been filed one month after the FTC case commenced and less than one month after it settled. See Mot. To Intervene, at 8. Second, Pais represents that the FTC action involves claims that are common to Pais's claims in the New Jersey action, such that their resolution may impair the relief sought by her and the class in New Jersey. See id. Finally, Pais argues that the FTC is an inadequate representative of her interest. See id. at 9.

4

Plaintiff argues that Pais's Motion to intervene as a matter of right should be denied for two reasons. First, Plaintiff concludes that the Final Judgment does not impede or impair Pais's interest since she may proceed with her class action in New Jersey notwithstanding this Court's entry of the stipulated judgment. See Pl.'s Opp. Mem., at 7, citing EEOC v. Eastern Airlines, Inc., 736 F.2d 635, 639 (11th Cir. 1984) (holding that "if [the Rule 24 movant] can proceed with her own action independently of the [present] suit, then the settlement of the. . .suit cannot 'impair or impede' her ability to seek her own relief"). Plaintiff alleges that Pais may maintain her suit alleging violation of New Jersey state law, seeking whatever additional damages are available to members of the class.[2] See id. Plaintiff also notes that a substantial portion of Pais's New Jersey complaint – including Pais's allegation that ATN wrongly charged consumers for adult audiotext services accessed by minors from their parents' telephones – does not overlap with the FTC's complaint so as to be covered by the Final Judgment. See id. at 7-8. Second, Plaintiff suggests that it adequately represented the interests of the would-be intervenors in agreeing to the Final Judgment. See id. at 9, citing Clark v. Putnam County, 168 F.3d 458, 461 (11th Cir. 1999) (providing that representation is adequate "if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty").

---

[2]Plaintiff correctly acknowledges that the relief provided to class members may be offset by the relief granted in the FTC action, to the extent that the members of the class are the same as the customers being compensated under the Final Judgment. See Pl.'s Opp. Mem., at 7

5

Defendants also oppose Pais's Rule 24(a) Motion. Defendants suggest that, contrary to the representations of Pais and the FTC, the New Jersey action is not substantially similar to this action. See Defs.' Opp. Mem., at 7-11. Defendants essentially argue that Pais cannot establish that her interest is impaired by the Final Judgment because her New Jersey claims are wholly distinct from the FTC's, and thus unaffected by the Parties' agreed-upon settlement. See id.

Although Pais timely applied to intervene in this action, a matter in which the Court finds she does have an interest, her Rule 24(a) Motion To Intervene must be denied. To the extent that the New Jersey action and this one are distinct, the Court finds that Pais has not demonstrated that her ability to protect her legitimate interest is either impeded or impaired by the Final Judgment. Notwithstanding the agreement between the FTC and Defendant ATN, Pais may continue her state court class action, which is grounded primarily on New Jersey law. If the Final Judgment somehow precluded Pais from maintaining her action, the Court would have a more difficult determination. Since it does not, Pais may proceed with the class action, and the trier of fact therein may give appropriate weight to the Final Judgment when fashioning the relief, if any, ultimately given to the class. To the extent that the two actions are similar, the FTC adequately represented Pais's interest, pursuing Defendants in its capacity as the federal agency charged with prohibiting unfair or deceptive acts and practices affecting interstate commerce. Since the Court finds that Pais has not demonstrated the four requirements for a Rule 24(a) motion to be granted in this Circuit, her Motion To Intervene as a matter of right must be denied.

B. <u>Permissive Intervention under Rule 24(b)</u>

Pais urges this Court to exercise its discretion to allow her to intervene given that the relief obtained under the FTC settlement is substantially similar to the relief sought by the class in the New Jersey action. <u>See</u> Mot. To Intervene, at 10. In light of the commonality between the two actions, Pais maintains that not allowing her to intervene would be manifestly unfair to her and the class she represents. <u>See</u> <u>id.</u>

Plaintiff challenges Pais's motion on the ground that her intervention would prejudice the FTC and ATN's consumers by undermining the finality of the Court-approved Final Judgment, thereby forcing consumers who have been damaged by ATN's actions to wait for compensation and protection from any further wrongdoing by ATN. <u>See</u> Pl.'s Opp. Mem., at 10, <u>citing</u> <u>Eastern Airlines</u>, 736 F.2d at 639 (upholding district court's denial of intervention that would "delay the rights of those charging parties interested in partaking of the settlement"). Plaintiff also rebuts Pais's claim of undue prejudice, noting that, to the extent the relief she seeks is not provided for in the Final Judgment, she is not precluded from continuing her class action against ATN. <u>See</u> <u>id.</u> at 11, <u>citing</u> <u>Worlds v. Department of Health & Rehabilitative Servs.</u>, 929 F.2d 591, 595 (11th Cir. 1991) (noting that the existence of an alternate remedy may support a denial of permissive intervention).

Defendants also oppose Plaintiff's Rule 24(b) Motion. First, Defendants argue that the claims in the two actions are sufficiently different to negate any finding that they share common issues of fact or law. <u>See</u> Defs.' Opp. Mem., at 11-12. Second, Defendants put forth the FTC's position that allowing Pais to intervene would unduly delay and prejudice the rights of the FTC, Defendants, and the consumers benefitted by the terms of the Final Judgment. <u>See</u> <u>id.</u> at 12.

The Court concludes that Pais should not be allowed permissively to intervene in this action. First, the Court restates its prior determination that Pais is not precluded from continuing the New Jersey action in light of the Final Judgment. The existence of this alternative remedy, specifically chosen by Pais and her class, counsels against intervention. Furthermore, given the agreed-upon disposition of this action by the Parties, allowing Pais to intervene would unduly prejudice the Parties to this action by quashing their legitimate interest in finality. Finality is especially crucial in this case, in which a governmental regulatory body has fashioned the injunctive and monetary relief it deems in the public's interest. As such, the Court finds that Pais's Rule 24(b) Motion To Intervene should also be denied.

## IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that the Rule 24 Motion To Intervene, filed by Linda Pais on July 9, 1999, be, and the same is hereby, DENIED.

DONE and ORDERED at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida, this 9th day of August, 1999.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: Frank Gorman, Esq.
Ronald Marlowe, Esq.
Lewis Rose, Esq.
Ralph M. Stone, Esq.
Kenneth J. Vianale, Esq.